**Rosa Estela RODRIGUEZ–CARRANZA, Petitioner–Appellant,**

v.

**Michael CHERTOFF, Secretary, Department of Homeland Security, and Alberto R. Gonzales, United States Attorney General, Respondents–Appellees.**

No. 05–56437.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2006.

Filed Dec. 4, 2006.

Murray D. Hilts, Esq., Law Offices of Murray Hilts, San Diego, CA, for Petitioner–Appellant.

Before: T.G. NELSON and BYBEE,

Circuit Judges, and DUFFY,* District Judge.

## MEMORANDUM **

Rosa Estela Rodriguez–Carranza ("Appellant") appeals the district court's order dismissing her petition for writ of habeas corpus. This Court reviews a district court's decision to dismiss a habeas petition *de novo*. *See Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir.2002). The facts and procedure are known to the parties and are only repeated here as necessary.

The district court was correct in holding that it did not have jurisdiction to hear Appellant's claim. First, Appellant is not "in custody" as required by 28 U.S.C. § 2241. *See Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir.1998). Appellant filed this claim on March 16, 2005—seven and a half years after her initial removal, and five years after her removal order was reinstated. There are no facts that amount to "extraordinary circumstances" such that they would warrant an exception to this jurisdictional requirement. It is also clear that Appellant waived her ability to seek any further administrative remedies when she misrepresented her status and failed to assert her right to enter as a lawful temporary resident.

Second, the reinstatement order issued in 2000 deprived the district court of jurisdiction to review the underlying removal. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 revised the reinstatement provision, former 8 U.S.C. § 1252(f), to its current form, which is codified at 8 U.S.C. § 1231(a)(5). The statute in its current form provides that:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

*See* 8 U.S.C. § 1231(a)(5); *Padilla v. Ashcroft*, 334 F.3d 921, 924 (9th Cir.2003). Finally, the 2000 reinstatement order has gone unchallenged and therefore remains enforceable.

The district court correctly held that it has no jurisdiction to hear this case. That decision is hereby affirmed. There is no reason to discuss the other issues raised by Appellant.

AFFIRMED.

---

* The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.